GEORGE VERCHICK, JR., and DENISE VERCHICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent GEORGE VERCHICK, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Verchick v. Commissioner
Docket Nos. 3702-73, 3703-73.
United States Tax Court
T.C. Memo 1976-126; 1976 Tax Ct. Memo LEXIS 276; 35 T.C.M. (CCH) 567; T.C.M. (RIA) 760126; April 22, 1976, Filed George Verchick, Jr., pro se. Guy G. La Vignera, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: In these consolidated cases respondent has determined the following deficiencies in and additions to Federal income tax: Additions to Tax
§ 6651 (a)
§ 6653
(a)
Petitioner
Year
Deficiency
[1] IRC 1954
IRC 1954
George, Jr., and
Denise Verchick
1969
$ 1,809.99
$ 90.50
$ 161.24
George Verchick, Jr.
1970
1,090.04
172.51
54.50
*277 We must decide (1) if in reporting income for 1969 petitioners employed the cash receipts and disbursements or accrual method of accounting; (2) if for other than reasonable cause, income tax returns for the years in issue were not filed within the time prescribed by law; and (3) if any deficiency in Federal income tax for the years in issue was attributable in part to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT The facts that have been stipulated are so found. On May 28, 1970, petitioners, husband and wife, filed a joint Federal income tax return for 1969 with the District Director of Internal Revenue, New York, New York. On February 22, 1973, a statutory notice of deficiency for 1969 was mailed to petitioners by respondent. On that same date respondent mailed to petitioner George Verchick, Jr. (George) a statutory notice of deficiency for 1970. On May 21, 1973, George filed an individual income tax return for 1970 with the District Director of Internal Revenue, New York, New York. Petitioners were residents of New York *278 when the petitions in these cases were filed with this Court. At all times relevant, George worked as an independent photographer's representative in New York City. He would procure the services of photographers for customers who might request them, and make the arrangements necessary for the photographs to be taken. From the operation of his business, George received a total of $ 16,389.37 in 1969. On the return which petitioners filed for that year gross receipts of $ 12,606 were reported. The return which petitioners filed for 1969 plainly indicated that they were employing the cash receipts and disbursements method of accounting to report their income. Attached to the return filed for 1969 was an application for an extension of time to file a return, dated April 15, 1970, and signed by a certified public accountant duly qualified to practice in New York. The application states that petitioners needed additional time to file their return because necessary information had yet to be obtained. Attached to the return filed for 1970 was a letter dated May 15, 1973, and signed by George. The letter explained that his failure to file his return within the time prescribed *279 by law was attributable to "reasonable cause" but failed to explain what that reasonable cause might have been. OPINION During 1969 George received $ 16,389.37 from the operation of his business. He reported only $ 12,606 on the return which he and his wife filed for that year. Respondent determined that the excess of the former figure over the latter ought to have been reported as income as well. In support of this determination he asserts that petitioners were on the cash receipts and disbursments method of accounting. The return which petitioners filed for 1969 indicates this to have been so. Petitioners contend that under the accrual method of accounting they had reported the amount in issue in a prior year. It is their burden to prove this. Welch v. Helvering,290 U.S. 111 (1933). The only evidence relevant to this issue introduced into the record by petitioners is the testimony of George. In the course of our best efforts to understand the often incoherent testimony of this witness, we have found nothing to substantiate the contention that petitioners ever reported income prior to having received it under the accrual method of accounting. This *280 being the case we have no alternative but to hold that petitioners ought to have reported additional income of $ 3,783.37 for 1969. A return made on the basis of the calendar year must be filed on or before the 15th day of April following the close of the calendar year. Section 6072, Internal Revenue Code of 1954, as amended. Respondent is authorized to grant reasonable extensions of the time in which returns may be filed. Section 6081. An application for such an extension must, however, be made on or before the date on which the return is due. Section 1.6081-1(b)(1), Income Tax Regs.
The taxable years in controversy are the calendar years 1969 and 1970. For neither of those years was a return filed on or before April 15th of the following year. An application for an extension of time to file a return, dated April 15, 1970, was submitted for 1969. It was, however, submitted with the return subsequent to the aforesaid date and was therefore ineffective. Section 1.6081-1(b)(1), supra. No application for an extension of time to file was made with respect to 1970. For neither of the years in issue, therefore, was a timely return filed. Section *281 6651(a)(1) provides for an addition to tax in the event of a failure to file a timely return, unless it is shown that such a failure is due to reasonable cause and not due to willful neglect. Respondent determined such an addition for each of the years in issue. Although there was attached to each return a document which either asserts or can be read to assert a reasonable cause for tardiness, nothing in the record substantiates these assertions. [2]
We therefore hold that for each of the years in issue, respondent properly determined an addition to tax under section 6651(a)(1). Section 6653(a) provides that if an underpayment of tax is due in part to negligence or intentional disregard of rules or regulations, there shall be added to the tax owing an amount equal to 5 percent of the underpayment. Respondent determined that for each of *282 the years in issue, an addition to tax is owing under section 6653(a). No evidence to the contrary has been introduced. The determination has therefore to be sustained. James S. Reily,53 T.C. 8 (1969). Due to concessions, Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. We note in this connection, for example, George's testimony that petitioners' records were destroyed in a flood in their basement. This flood apparently took place late in 1971 or early in 1972, long after returns ought to have been filed for the years in issue. The flood is therefore no excuse for the delay in filing the returns.↩